UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMANDO LEGUIZAMO, JR<br><br>    *Plaintiff*,<br><br>    v.<br><br>COSTCO,<br><br>    *Defendant*. | Civil Action No. 23-2166 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se, Plaintiff Armando Leguizamo Jr. brings this suit against his former employer, Costco Wholesale Corporation ("Costco"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Costco has moved to dismiss for insufficient service and failure to state a claim. ECF No. 4. For the reasons discussed below, the court grants Costco's motion to dismiss in part and directs Mr. Leguizamo to effect service on Costco by **April 1, 2024**. If Mr. Leguizamo fails to properly effect service by that date, the court will dismiss the action without prejudice.

## I.   Factual Background and Procedural History

In considering the pending motion to dismiss, the court will assume that the facts alleged in Mr. Leguizamo's complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, because Mr. Leguizamo is proceeding pro se, the court will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). With these principles in mind, the relevant facts are as follows:

Beginning in March 2019, Mr. Leguizamo was employed at the Costco warehouse located at 2441 Market Street, NE (the "Market Street address") as a gas attendant and later as a cashier. ECF No. 1-3, at 1.  On June 30, 2019, he "engaged in an incident" with his supervisor, Sydney Underwood.  ECF No. 1-3, at 1.  After the incident, "things did not happen the way Ms. Underwood wanted, [so] she started to target and retaliate against [him]," and the "retaliations got more [and] more extreme."  ECF No. 1-3, at 1.

Specifically, on March 6, 2021, Ms. Underwood gave him "a write up for an incorrect reason," followed by additional write-ups and other complaints against him.  ECF No. 1-3, at 1. In December 2021 or January 2022, Mr. Leguizamo made an official request to the store's general manager, "Mr. Mike," to be transferred to a different Costco warehouse, but his request was denied.  ECF No. 1-3, at 2.  Because he "could no longer deal with the situation," Mr. Leguizamo resigned from his employment on September 8, 2022.

On May 11, 2023, Mr. Leguizamo filed a complaint in the Superior Court of the District of Columbia, alleging that Costco had retaliated against him on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and seeking $500 million in damages.  ECF No. 1-3, at 1-2.  On July 12, he filed an affidavit of service showing that he had sent the complaint and summons by certified mail to Costco at the Market Street address on June 13 and that the package was delivered on June 14.  ECF No. 1-5.  The exhibits to the affidavit show that Mr. Leguizamo addressed the package to "Costco," not to a specific Costco officer or agent, and that he did not request a return receipt.  ECF No. 1-5, at 3.

Costco alleges that during a routine search of the Superior Court docket on July 17, it discovered that Mr. Leguizamo had filed his affidavit of service.  ECF No. 1, at 2.  It thereafter removed the case to this court under 28 U.S.C § 1331 (federal question jurisdiction) and 28 U.S.C.

2

§ 1332 (diversity jurisdiction). ECF No. 1, at 2-3. Costco then moved to dismiss on the basis of improper service under Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. The matter has been fully briefed.[1]

## II.     Discussion

The court agrees with Costco that Mr. Leguizamo has not shown that he properly effected service of process, and it exercises its discretion to afford Mr. Leguizamo additional time to properly serve Costco. If Mr. Leguizamo fails to submit adequate proof of service by April 1, 2024, the court will dismiss the case without prejudice.

When a case is removed from local to federal court, the plaintiff has ninety days from the date of removal to properly serve the defendant. *See* Fed. R. Civ. P. 4(m); *Rogers v. Amalgamated Transit Union Local 689*, 98 F. Supp. 3d 1, 5-6 (D.D.C. 2015) (explaining that Rule 4(m)'s time period starts running from the date of removal to federal district court). Federal Rule of Civil Procedure 4 directs that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The rule also permits service in accordance with the law of the state where service is made or the district court is located. *See id.* R. 4(h)(1)(A); *id.* R. 4(e)(1). The local District of Columbia rule authorizes service on a corporation by delivery of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service," D.C.

---

[1] Mr. Leguizamo seeks leave to file a lengthy surreply in which he discusses the merits of his claims in response to Costco's motion to dismiss. ECF No. 9. Because the court is not addressing the merits of Costco's motion to dismiss at this time, Mr. Leguizamo's motion for leave to file a surreply is denied as moot.

Sup. Ct. Civ. R. 4(h)(1)(B), and it further permits delivery "by registered or certified mail, return receipt requested," *id.* R. 4(c)(4).

The plaintiff bears the burden of proving that he has properly served the defendant. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light*, 816 F.2d at 751. "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).

Mr. Leguizamo's affidavit of service shows that his attempt to serve Costco was deficient in two ways. First, while Mr. Leguizamo mailed the summons and complaint to "Costco" at "2441 Market St. NE Washington, DC 20018," he did not mail the package to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as required by Federal Rule of Civil Procedure 4(h)(1)(B). Indeed, Costco asserts that no "officers, managing or general agents" are located at the Market Street address. ECF No. 4-1, at 4. Second, while delivery by certified or registered mail is permitted under District of Columbia law, the mailing must include a request for a return receipt, and Mr. Leguizamo's certified mail receipt shows that he did not request a return receipt. ECF No. 1-5, at 3.

In the absence of proper service of process, this court lacks personal jurisdiction over Costco. *Candido*, 242 F.R.D. at 160. That is so even though Costco is aware of the suit and removed the matter to this court. *See Rogers*, 98 F. Supp. 3d at 5 ("A defendant does not waive objections to personal jurisdiction or service of process by removing the action to a federal court." (quoting 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1082 (3d ed. 2015)).

While Costco asks the court to dismiss the case outright due to the deficient process, such a drastic step is not appropriate given Mr. Leguizamo's pro se status. *See Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 97 (D.D.C. 2014) ("[D]ue to the plaintiff's pro se status, dismissal of his case without giving him the opportunity to perfect service is inappropriate.").[2] Instead, the court directs Mr. Leguizamo to effect service on Costco by April 1, 2024.

### III.    Conclusion

For the foregoing reasons, Costco's Motion to Dismiss, ECF No. 4, is hereby **GRANTED** in part. It is further **ORDERED** that Mr. Leguizamo shall effect service on Costco on or before **April 1, 2024**. If Mr. Leguizamo does not effect service by April 1, 2024, the court will enter an order dismissing the action without prejudice. It is further **ORDERED** that Mr. Leguizamo's Motion for Leave to File a Surreply, ECF No. 9, is **DENIED** as moot.

**SO ORDERED.**

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: February 14, 2024

---

[2] It also would not be appropriate for the court to consider Costco's merits arguments under Federal Rule of Civil Procedure 12(b)(6) in the absence of personal jurisdiction. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 514 (D.C. Cir. 2018) (explaining that a district court should not reach merits questions "before assuring itself of its personal jurisdiction over the defendants").